UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:22-cv-31

| | |
|---|---|
| RHAKEL MCBRIDE and BOUGIE BEAUTIQUE,<br><br>Plaintiff,<br><br>vs.<br><br>URBAN RETAIL PROPERTIES, LLC,<br><br>Defendant. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**NOW COMES PLAINTIFFS** Rhakel McBride ("McBride") and Bougie Beautique ("Boujie Beautique") (hereinafter collectively "Plaintiffs") by and through undersigned counsel, and complains against Defendant Urban Retail Properties, LLC ("Defendant") as follows:

## PARTIES

1. Plaintiff Rhakel McBride is a citizen and resident of Mecklenburg County, North Carolina.

2. Plaintiff Bougie Beautique is domestic company, which, at all times relevant hereto, was authorized to and did conduct business in Union County, North Carolina.

3. Upon information and belief, Defendant Urban Retail Properties, LLC is a foreign corporation, which, at all times relevant hereto, was authorized to and did conduct business in Union County, North Carolina.

## JURISDICTION AND VENUE

1

1. This Court has jurisdiction over Defendants pursuant to 28 U.S.C. §1331 as Plaintiff's 42 U.S.C. §1981 claim is a federal question.

2. Venue is proper in this Court pursuant to 28 USC § 1391.

## FACTUAL ALLEGATIONS

4. Plaintiff Rhakel McBride is an African-American woman.

5. Plaintiffs entered into a Short-Term License Agreement ("lease or agreement") with Monroe Crossing and Time Equities to lease commercial space for Bougie Beautique, a sole proprietorship, at Monroe Crossing Mall located at 2115 W Roosevelt Blvd, Monroe, NC 28110 ("the mall") from September 1, 2020 to December 31, 2020.

6. Plaintiff Rhakel McBride signed the agreement on behalf of Plaintiffs.

7. Upon information and belief, Defendant Urban Retail Properties was the property management company that managed the leasing of commercial space at the mall.

8. As Plaintiffs' lease was ending, Plaintiff McBride attempted to renew the lease and/or rent a larger space at the mall.

9. After the lease ended on December 31, 2020, Plaintiff McBride proceeded with a month-to-month lease for Plaintiffs as she proceeded to work with Brian Eichelberger, Defendant Urban Retail Properties' General Manager, on a long-term lease.

10. In February 2021, Sarah Sease ("Sease") replaced Brian as General Manager for Defendant Urban Retail Properties. As such, discussions regarding a long-term lease continued between Sease and Plaintiff McBride.

11. On March 23, 2021, Sease told Plaintiff McBride on several occasions that there were no other spaces available to rent at the mall, other than larger spaces where large department

2

stores such as Sears or Belk were once located, when there were in fact other spaces available to rent.

12. Plaintiff McBride is aware there were other smaller spaces available to rent because a Caucasian family friend reached out to Sease to inquire about the same spaces Plaintiff McBride had already inquired about, and on the same day, March 23, 2021, Sease sent emails setting up a time for Plaintiff McBride's Caucasian friend to see the same spaces Plaintiff McBride inquired about but was denied the opportunity to lease.

13. Plaintiffs had the financial means to lease the spaces Plaintiff McBride requested to lease from Defendant.

14. The only difference between Plaintiff McBride and her Caucasian friend who sought to lease the same spaces Plaintiff sought to lease was their race. The only difference between Plaintiffs' business and any business by Plaintiff McBride's Caucasian friend is Plaintiffs' business is black-owned and the Caucasian friend's business is white-owned.

15. Additionally, Sease made several discriminatory statements regarding racially ethnic business owners, which further demonstrates Defendant's discriminatory conduct.

16. For instance, Sease made a comment that she didn't want the mall looking like a flea market so she was going to be "making changes."

17. Due to Defendant's discriminatory actions, Plaintiffs were never able to rent another space from Defendant and their month-to-month lease was terminated.

18. Defendant's purported reason for terminating Plaintiffs' month-to-month lease was because Plaintiffs' electricity was exceeding their monthly rent. However, that reason is merely pretext for discrimination because Plaintiff McBride had no control over the electricity in the space

Plaintiffs were renting and no other non-African American tenant's lease was terminated due to use of electricity.

19. At all times relevant, Urban Retail Properties and its agents acted on behalf of Monroe Crossing and Time Equities to lease the spaces Plaintiffs leased and/or inquired about.

20. As a result of Defendant's negligence and discriminatory conduct, Plaintiff McBride has suffered mental, emotional and financial harm. Plaintiff Boujie Beautique has suffered financial harm.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1981)**

21. Plaintiffs reiterate and realleges each and every paragraph above as set forth fully herein.

22. Plaintiff McBride is an African-American woman and is therefore a member of a protected class.

23. Plaintiff Boujie Beautique is a black-owned business.

24. Plaintiff McBride sought a long-term lease for Plaintiffs with Defendant at the mall and entering into contracts to lease commercial space is a service Defendant ordinarily provide.

25. Plaintiffs were denied the right to entire into a long-term contract, while Plaintiff McBride's Caucasian friend who inquired about the same space Plaintiff McBride inquired about was not denied the opportunity to enter into a long-term leasing contract for the same spaces Plaintiff inquired about.

26. Plaintiffs were only denied the opportunity for a long-term lease because Plaintiff McBride is African-American and Plaintiff Boujie Beautique is a black-owned business, which is demonstrated by Sease's comments and Defendant not denying Plaintiff McBride's Caucasian friend the opportunity to lease the same spaces Plaintiffs sought to lease.

4

27. Additionally, Plaintiffs' month-to-month lease was terminated based on Plaintiff McBride's race and Boujie Beautique being a black-owned business because, upon information and belief, non-African-American leasees did not have their leases terminated.

28. Defendant's intentional discrimination constitutes Defendant's malicious and intentional violation of Plaintiffs federally protected right to be free from discrimination based on race. At minimum, Defendant's actions and inactions demonstrated a reckless indifference to Plaintiffs' right to be free from racial discrimination.

29. Because Defendant established unequal terms and conditions in Plaintiffs' ability to contract based on race and has failed to sufficiently remedy violations of Plaintiffs' rights, Plaintiffs are entitled to compensatory and punitive damages to the maximum extent allowed under the law.

## SECOND CAUSE OF ACTION
**(Negligence)**

30. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

31. Defendant owed Plaintiffs a duty to be able to enter into a contract free of discrimination.

32. Defendant's breach of their duty to Plaintiffs was foreseeable and is the proximate cause Plaintiffs' harm.

33. Upon information and belief, Defendant was aware, or should have been aware, of the actions and inactions of their supervisors and agents that caused Plaintiffs' ongoing injuries.

34. However, Defendant employed, and continued to employ, such employees and agents, and were, well aware they could not perform their job duties without engaging in unlawful negligent, and discriminatory and retaliatory practices.

35. At all times relevant, Defendant was aware of their employees'/agents incompetence and failures, but has failed to take any action to remedy such incompetence of many of its employees/agents.

36. Defendant's prior and ongoing negligence has and continues to proximately cause Plaintiffs' financial, emotional and mental harm and anguish.

37. As such, Plaintiffs are entitled to and seek damages, including but not limited to, compensatory damages, for their past and current harm due to Defendants' negligence.

38. Because Defendant was, and remain aware of their employees'/agents' incompetence with resolving issues involving unlawful negligent and discriminatory treatment of Plaintiffs, Defendant's failure to remedy such dangers constitutes willful and wanton disregard for Plaintiffs' rights under North Carolina common law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiffs seek and are entitled to punitive damages from Defendant to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## THIRD CAUSE OF ACTION
**(Negligent Hiring, Supervision and Retention)**

39. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

40. Defendant owed Plaintiffs a duty to be able to enter into a contract free of discrimination.

41. Defendant's breach of their duty to Plaintiffs was foreseeable and is the proximate cause Plaintiffs' harm.

42. Upon information and belief, Defendant was aware, or should have been aware, of the actions and inactions of their supervisors and agents that caused Plaintiffs' ongoing injuries.

43. However, Defendant employed, and continued to employ, such employees and agents, and were, well aware they could not perform their job duties without engaging in unlawful negligent and discriminatory and retaliatory practices.

44. At all times relevant, Defendant was aware of their employees'/agents incompetence and failures, but has failed to take any action to remedy such incompetence of many of its employees/agents.

45. Defendant's prior and ongoing negligent hiring, supervision and retention of incompetent employees has, and continues to proximately cause Plaintiffs' financial, emotional and mental harm and anguish.

46. As such, Plaintiffs are entitled to and seek damages, including but not limited to, compensatory damages, for their past and current harm due to Defendants' negligence.

47. Because Defendant was, and remain aware of their employees'/agents' incompetence with resolving issues involving unlawful and discriminatory treatment of Plaintiffs, Defendant's failure to remedy such dangers constitutes willful and wanton disregard for Plaintiffs' rights under North Carolina common law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiffs seek and are entitled to punitive damages from Defendant to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## **JURY DEMAND**

Plaintiffs demand that all matters not suitable for determination by this Honorable Court be determined by a jury of their peers.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Rhakel McBride and Boujie Beautique, respectfully pray the Court for the following:

1. An order entering judgment in favor of Plaintiffs in an amount to be determined at trial for each Cause of Action herein;

2. An order awarding Plaintiffs actual and compensatory damages against Defendant;

3. An award of punitive damages against Defendant, as allowed by Chapter 1D of the North Carolina General Statutes;

4. All costs and expenses in this action, including reasonable attorney's fees from Defendant; and

5. Any and all further relief this Court deems necessary and proper.

This the 25th day of January 2022,

**JUSTICE IN ACTION LAW CENTER**

*/s/: Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **COMPLAINT** was delivered to each of the below listed person(s) this date by placing the same in an official depository under the exclusive care and custody of the United States Postal Service Return Receipt Requested addressed as follows:

Urban Retail Properties, LLC
Attn: Joseph McCarthy
925 S. Federal Highway, Suite 700
Boca Raton, FL 33432

This the 25th day of January 2022,

**JUSTICE IN ACTION LAW CENTER**

*/s/: Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Attorney for Plaintiff*